IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Tina M. Torongeau, ) | C.A. No. 1:22-cv-03192-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Kilolo Kijakazi, ) | |
| Acting Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Report"), which recommended affirming the decision of the Commissioner of Social Security ("Commissioner") and denying Plaintiff's request for remand. ECF Nos. 15, 18. Having considered the briefing, the administrative record, and all relevant law, the Court overrules Plaintiff's Objections and adopts the Magistrate Judge's Report for the reasons that follow.

## **BACKGROUND**

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 15 at 1. On August 8, 2019, Plaintiff filed for DIB and SSI, alleging disability beginning on December 31, 2019. (R. 90, 91, 222–23, 224–30). Plaintiff's applications were denied initially and upon reconsideration. (R. 131–34, 137–42). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 4, 2022. (R. 38–

63).  The ALJ denied Plaintiff's applications in a decision dated February 2, 2022.  (R. 9–29).  The Appeals Counsel denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  (R. 1–8).

Plaintiff filed suit in this Court on September 20, 2020.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling.  On April 6, 2023, Magistrate Judge Shiva V. Hodges issued her Report recommending that the decision of the Commissioner be affirmed.  ECF No. 15.  On May 1, 2023, Plaintiff filed Objections to the Report.  ECF No. 18.  The Commissioner filed a Reply on May 15, 2023.  ECF No. 19.  Accordingly, this matter is ripe for review.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a de novo review

of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard.  *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157–58.

## **DISCUSSION**

Plaintiff objects to the portion of the Report pertaining to the ALJ's evaluation of Plaintiff's subjective complaints.  ECF No. 18 at 1.  Plaintiff objects to the Magistrate Judge's finding that "[t]he ALJ appropriately declined to consider Plaintiff's subjective allegations as to pain and other symptoms that were not related to medically determinable impairments."  ECF No 18 at 2.  Plaintiff requests that the Court consider the Magistrate Judge's reliance on the ALJ's determination that "the evidence did not establish remote traumatic brain injury, endometriosis, or fibrymyalgia as medically-determinable impairments" and that "mild degenerative disc disease ('DDD') [is] among Plaintiff's severe impairments."  *Id.*  Plaintiff contends that the ALJ "did not limit his reliance on unremarkable examination findings to [Plaintiff's DDD.]"  *Id.*  Plaintiff relies, in part, on the Magistrate Judge's determination that "some of the unremarkable exam findings were not

3

inconsistent with [Plaintiff's] complaints of pain related to trigeminal neuralgia or migraines." *Id.* Instead, Plaintiff contends that the ALJ also related his findings to Plaintiff's "allegations of pain, which stemmed from multiple impairments, some which produce pain not inconsistent with unremarkable examination findings[.]" *Id.* Plaintiff argues that, as a result, the ALJ summarized medical evidence without explaining which specific testimony was not credible. *Id.* (citing *Rickman v. Kijakazi*, C.A. No. 4:22-cv-509-RMG, 2022 WL 17663679, at *3 (D.S.C. Dec. 14, 2022)).

Plaintiff contends that the Magistrate Judge's reliance on the ALJ's finding that the "objective exams 'support[ed] the RFC[1] findings of the [s]tate agency consultants'" is incorrect because the ALJ determined that "the objective examinations are not consistent with the claimant's allegations of disabling functional limitations. Rather, they support the RFC findings of the [s]tate agency consultants." ECF No. 18 at 3. Plaintiff contends that the Magistrate Judge acknowledged "that the lack of objective evidence was not inconsistent with [Plaintiff's] complaints of pain related to trigeminal neuralgia or migraines[,]" and, as a result, Plaintiff argues that the ALJ cannot rely on the opinions of the state agency consultants because they do not support the ALJ's rejection of Plaintiff's subjective complaints. *Id.*

Plaintiff contends that the ALJ's consideration of other factors was flawed. *Id.* Specifically, Plaintiff contends that the ALJ—in acknowledging and determining Plaintiff's previous complaints related to headaches, migraines, and numbness and tingling in extremities to be inconsistent with the medical records—provided a summary followed by a cursory conclusion, which is insufficient to meet the ALJ's duties in rendering a decision.

---

[1] RFC is otherwise known as residual functional capacity.

4

*Id.* at 4 (citing *Montgomery v. Kijakazi*, C.A. No. 0:21-3074-JD-PJG, 2022 WL 17853557, at *6 (D.S.C. Oct. 26, 2022)). Plaintiff also contends that with respect to the effect of treatment on Plaintiff's symptoms, "the ALJ provide[d] a summary, some of which supports [Plaintiff's] allegations and some [of] which does not." *Id.* at 5.

Plaintiff contends that the ALJ failed to "indicate that he was rejecting [Plaintiff's] complaints of pain because of her [ADLs.]²" *Id.* Plaintiff contends that "referencing [Plaintiff's] daily activities also showed significant limitation with activities." *Id.* Lastly, Plaintiff argues that "the ALJ's decision contained numerous flaws[,] and the ALJ's summary of mixed evidence, without more explanation[,] does not provide substantial evidence supporting the ALJ's unfavorable decision." *Id.* at 6.

In contrast, Defendant contends that "the ALJ's subjective complaint analysis conformed to agency policy, enjoyed substantial evidentiary support, and permits meaningful judicial review." ECF No. 19 at 1. Defendant contends that Plaintiff's Objections only amount to a disagreement with the ALJ's decision and fail to satisfy this Court's deferential substantial evidence standard of review. *Id.* at 1–2. Defendant argues that the Magistrate Judge was correct in determining that the ALJ provided several valid reasons in determining that Plaintiff's subjective complaints "were not entirely consistent with the record[.]" *Id.* at 2. Specifically, the ALJ determined that "objective findings and testing [were] unremarkable." *Id.*

Defendant also contends that the Magistrate Judge was correct in determining that the absence of objective medical records was not the sole basis of the ALJ's analysis of Plaintiff's subjective complaints. *Id.* Defendant contends that the ALJ also "appropriately

---

² ADLs are otherwise known as activities of daily living.

5

considered the kind of treatment Plaintiff received, the efficacy of that treatment, and Plaintiff's subjective reports to her medical providers about the same[.]" *Id.* Defendant argues that the ALJ accurately determined that the record confirmed that certain treatment—chiropractic treatment, medication, and Gamma Knife radiosurgery—afforded Plaintiff some relief from pain. *Id.* at 3. Defendant further contends that the Magistrate Judge correctly determined that Plaintiff's daily activities, including but not limited to assisting in the care of her children, including helping them with homework, cooking, doing laundry, and traveling to Georgia for medical care, supported "the ALJ's conclusion that Plaintiff's pain and other symptoms were not as distracting and otherwise limiting as alleged[.]" *Id.*

Defendant contends the Magistrate Judge correctly determined that the ALJ's decision incorporated "prior administrative medical findings issued by the state agency medical experts who specifically considered Plaintiff's subjective allegations in the context of the medical evidence[.]" *Id.* Defendant further contends that the state agency medical experts determined that Plaintiff could perform some amount of work with restrictions despite Plaintiff's subjective complaints. *Id.* at 4. Defendant argues that the ALJ credited Plaintiff's subjective complaints in the decision as demonstrated by specific limitations in the RFC finding based on Plaintiff's subjective complaints. *Id.* Defendant contends that the ALJ did not dismiss or ignore Plaintiff's subjective complaints. *Id.* Lastly, Defendant contends that the Magistrate Judge correctly determined that "'the ALJ did not cherry-pick the record' but instead 'cited both positive and negative findings[.]'" *Id.* In making such an argument, Defendant relies, in part, on the Magistrate Judge's explanation that "[the ALJ] found the evidence considered in combination, which included Plaintiff's statements

6

throughout the record, her medical providers' impressions, objective testing and exam findings, and her ADLs[.]"  *Id.*

Having reviewed the applicable law and fully considered the arguments and submissions of the parties, the Court finds, upon de novo review, that the Magistrate Judge properly determined that the ALJ did not err in analyzing Plaintiff's subjective complaints.  The Magistrate Judge articulated extensive background information and applicable law, and the Court incorporates such by reference.

Here, the Magistrate Judge properly affirmed the Commissioner's decision. Plaintiff contends that the present case is similar to *Rickman*, 2022 WL 17663679, at *3, in that the Magistrate Judge allegedly erred in deciding that the ALJ properly analyzed Plaintiff's subjective complaints because "the ALJ summarized medical evidence without addressing which specific testimony was not credible in light of the summary."  ECF No. 18 at 3.  However, unlike in *Rickman* where the court stated that "the ALJ simply summarized the medical evidence, some of which seemed to support Plaintiff's testimony and some [of] which suggested she had experienced some measure of improvement[,]" *Rickman*, 2022 WL 17663679, at *3, the Magistrate Judge correctly acknowledged that "the ALJ did not cherry-pick the record and cited both the statements that supported Plaintiff's allegations and those that indicated lesser restrictions[,]" ECF No. 15 at 51; *see* (R. 19) (stating that "[n]eurology records from June and July of 2019 note that the claimant followed-up for complaints of migraines and shock-like pain in the left side of the face. However, motor strength was noted to be 5/5 throughout with no drift of the upper extremities or extraneous movements.  Sensation was intact and coordination was normal").  Accordingly, the Court overrules Plaintiff's objection that the ALJ improperly

summarized the medical evidence.

Plaintiff also contends that "the ALJ's partial reliance on [the opinions of the state agency consultants] does not support the ALJ's rejection of [Plaintiff's] complaints based on pain from trigeminal neuralgia or migraines[.]"  ECF No. 18 at 3.  The ALJ properly considered the opinions of the state agency consultants in analyzing Plaintiff's subjective complaints.  *See* C.F.R. § 404.1520(c) (directing an ALJ to not defer to prior administrative medical findings and describing how an ALJ considers prior administrative medical findings in evaluating a claimant's subjective complaints).  The ALJ found the opinions to be "partially persuasive" and "supported by a detailed rationale."  (R. 20).  The Magistrate Judge noted that the ALJ accepted the opinions of the state agency consultants "that Plaintiff would be limited to light work with environmental limitations, but further imposed 'postural and manipulative restrictions to account for [Plaintiff's DDD.]'"  ECF No. 15 at 48.  In summary, the ALJ did not defer to the state agency consultants and imposed additional restrictions to account for Plaintiff's DDD.  Accordingly, the Court overrules Plaintiff's objection that the ALJ improperly considered the opinions of the state agency consultants.

Plaintiff contends that the ALJ's consideration of other factors and alleged cursory conclusions "is . . . insufficient to satisfy the ALJ's duties and permit meaningful review[.]"  ECF No. 18 at 4 (citing *Montgomery*, 2022 WL 17853557, at *6).  Plaintiff also contends that the ALJ's summary of the effect of treatment on Plaintiff's symptoms both supports and does not support Plaintiff's subjective complaints.  ECF No. 18 at 5.  In *Montgomery*, the district court held that "a selective summary of Plaintiff's allegations and of the medical records, followed by a cursory conclusion that her allegations are not fully consistent with

8

the medical records is simply insufficient to satisfy the ALJ's duties and permit meaningful review of the decision." *Montgomery*, 2022 WL 17853557, at *6.  However, in the present case, as acknowledged by the Magistrate Judge, the ALJ not only "addressed Plaintiff's statements to her providers regarding the location, duration, frequency, and intensity of her pain[,]" the ALJ also "considered the type, dosage, effectiveness and side effects of Plaintiff's medications and other treatment she received to address symptoms of her medically-determinable impairments[.]"  ECF No. 15 at 48–49.  In both respects, the ALJ did not provide "a selective summary of Plaintiff's allegations and of the medical records, followed by a cursory conclusion that her allegations are not fully consistent with the medical records[.]"  *Montgomery*, 2022 WL 17853557, at *6.  The ALJ acknowledged treatment that improved Plaintiff's symptoms—Dr. Boone's chiropractic treatment, Botox injections in February 2020, and a Lyrica dose increased on January 13, 2021—and treatment that no longer proved effective—Plaintiff's allegations in May 2020 that the Botox injections no longer improved symptoms and Plaintiff's allegations that symptoms increased after July 2021 while taking Lyrica.  (R. 20); ECF No. 15 at 49–50.  As the Magistrate Judge acknowledged, "the ALJ did not cherry-pick the record[.]"  ECF No. 15 at 50.  Accordingly, the Court overrules Plaintiff's objection that the ALJ improperly considered the factors enumerated in 20 C.F.R. § 404.1529(c), 20 C.F.R. § 416.929(c), and SSR 16-3p and reached cursory conclusions.

Plaintiff contends that the ALJ failed to "indicate that he was rejecting [Plaintiff's] complaints of pain because of her [ADLs]" and that "referencing [Plaintiff's] daily activities also showed significant limitation with activities."  ECF No. 18 at 5.  The Magistrate Judge noted that the ALJ "considered [Plaintiff's] ADLs in the context of explaining the RFC

assessment and after having acknowledged her allegations." *See* (R. 20) (stating that "these limitations are primarily based on the claimant's subjective reports as abnormal objective findings are limited"); ECF No. 15 at 50.  In addition, before discussing Plaintiff's ADLs, the ALJ acknowledged Plaintiff's subjective complaints.  *See* (R. 17) (stating that "[t]he claimant alleges that her ability to work is primarily limited by flares of neuralgia pain, fibromyalgia, and chronic migraines").  Accordingly, Plaintiff's objection that the ALJ failed to indicate that he rejected Plaintiff's subjective complaints based on her ADLs is overruled.

Plaintiff argues that "the ALJ's decision contained numerous flaws, and the ALJ's summary of mixed evidence, without more explanation[,] does not provide substantial evidence supporting the ALJ's unfavorable decision."  ECF No. 18 at 6.  For the reasons stated above, the ALJ appropriately considered the evidence in analyzing Plaintiff's subjective complaints.  The Court's agrees with the Magistrate Judge's finding:

> Viewed in isolation, the ALJ's statement that "objective findings and testing [were] unremarkable," despite Plaintiff's reports of facial pain appears to suggest he considered only the objective evidence in evaluating Plaintiff's statements as to the intensity, persistence, and limiting effects of fibromyalgia, but the court does not view statements in isolation.  As discussed above, the ALJ considered the relevant evidence in evaluating Plaintiff's statements and imposed additional restrictions in the RFC assessment to account for pain imposed by trigeminal neuralgia.  He found the evidence considered in combination, which included Plaintiff's statements throughout the record, her medical providers' impressions, objective testing and exam findings, and her ADLs, did not support 'disabling functional limitations.'"

ECF No. 15 at 52 (citations omitted).  Accordingly, Plaintiff's objection that the ALJ's decision contained numerous flaws, including summaries of mixed evidence, is overruled.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report, **OVERRULES** Plaintiff's Objections, and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 14, 2024
Spartanburg, South Carolina